UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

REMY ANTONIO ESPINOZA,

       Petitioner,

                                                    20-CV-595
   v.                                                DECISION & ORDER

WILLIAM BARR, United States Attorney
General, et al.,

       Respondent.
_____

The petitioner, Remy Antonio Espinoza, is a civil immigration detainee currently held under 8 U.S.C. § 1231(a) at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York. On May 18, 2020, Espinoza filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241. Docket Item 1. On August 26, 2020, the respondents moved to dismiss the petition. Docket Item 7. Espinoza did not respond to the motion, and the time to do so has expired.

For the reasons that follow, this Court dismisses Espinoza's petition without prejudice.

**DISCUSSION**

At the time Espinoza filed his petition, he had been detained under 8 U.S.C. § 1226(c) for approximately nine months. *See* Docket Item 1 at 4. He claimed that such detention was unduly prolonged and violated his constitutional rights. *See id.* at 4-9. At that time, Espinoza had a petition for review ("PFR") pending before the United

States Court of Appeals for the Second Circuit and had been granted a temporary stay. *See id.* at 4; Docket Item 7-1 at 2.

On August 20, 2020, the Second Circuit denied Espinoza's PFR and vacated his temporary stay, which "shifted the [respondents'] authority for [his] detention from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231." Docket Item 7-1 at 2. Thus, Espinoza's claim that his detention *under § 1226* has been unduly prolonged is now moot. As of August 20, 2020, Espinoza's detention has been under § 1231, and the Court will evaluate its reasonableness under that statute. *See Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) (explaining that "[t]o the extent that [the petitioner] previously may have had a cognizable due process argument under § [1226], that claim has been rendered moot" because "there can be no doubt that [he] is *now* subject to detention under § [1231]" (emphasis in original)).

In *Zadvydas v. Davis*, 553 U.S. 678 (2001), the Supreme Court held that detention of a noncitizen for up to six months under § 1231 is "presumptively reasonable." *Id.* at 701. "After this 6-month period," the Court explained, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.*

Here, Espinoza has been detained under § 1231 for under two months—less than the presumptively-reasonable six-month period. Thus, any claim that his detention under § 1231 has been unduly prolonged would be premature under *Zadvydas*. See *Ousman D. v. Decker*, No. CV 20-2292 (JMV), 2020 WL 1847704, at *7 (D.N.J. Apr. 13, 2020) ("As for Petitioner's argument that his likelihood of removal is unforeseeable, his

argument is premature as he has not yet met the six-month period of detention[ ] that would trigger this inquiry under *Zadvydas*."); *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (dismissing petition as premature when the petitioner "ha[d] not been detained beyond the presumptively reasonable period of detention").

Accordingly, this Court dismisses Espinoza's petition under §1226 as moot and under § 1231 as premature.  This dismissal is without prejudice to Espinoza's refiling his petition after his detention under § 1231 has lasted longer than six months if he can "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *See Zadvydas*, 533 U.S. at 701.

## ORDER

For the reasons explained above, Espinoza's petition, Docket Item 1, is DISMISSED without prejudice.  The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:      October 8, 2020
            Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE